IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02584-PAB-MJW

CHRISTINA MARQUEZ,

    Plaintiff,

v.

BRIAN NORTON, Sheriff of Rio Grande County, Colorado,
BOYD WHEELWRIGHT, Deputy Sheriff of Rio Grande County, Colorado,
HARVEST STANDARD, LLC, a Texas limited liability company, d/b/a/ Harvest Select,
MICHELE PETERSON, and
JENNIFER METZ,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion to Alter or Amend Summary Judgment Order [Docket No. 84], which requests that the Court revisit its October 29, 2010 order [Docket No. 78] granting the motion for summary judgment [Docket No. 50] filed by defendants Brian Norton and Boyd Wheelwright. Plaintiff invokes Federal Rule of Civil Procedure 59, which provides in pertinent part that a "motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Final judgment has yet to enter in this case. Therefore, the Court construes plaintiff's motion as seeking reconsideration of a non-final order.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at * 1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Under any of these standards, plaintiff's motion must be denied. Plaintiff cites no new facts or case law subsequent and contradictory to the October 29 ruling. Rather, plaintiff simply (1) takes issue with the Magistrate Judge's July 13, 2010 order [Docket No. 60] granting the motion to stay discovery filed by defendants Norton and

Wheelwright,[1] (2) redirects the Court to an affidavit that was already duly considered as part of the summary judgment record, and (3) reasserts arguments already presented to and resolved by the Court. None of these grounds provide a basis for the Court to reconsider its October 29 order.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Alter or Amend Summary Judgment Order [Docket No. 84] is DENIED.

DATED December 1, 2010.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Defendants Norton and Wheelwright asserted the qualified immunity defense. "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, --- U.S. ----, 129 S. Ct. 808, 815 (2009). Qualified immunity provides a defense to trial and the other burdens of litigation such as discovery, rather than just liability. *See Saucier v. Katz,* 533 U.S. 194, 200 (2001), *overruled on other grounds by Pearson*, 129 S.Ct. 808. Therefore, a court is to resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6 (1987).