IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02584-PAB-MJW

CHRISTINA MARQUEZ,

    Plaintiff,

v.

HARVEST STANDARD, LLC, a Texas limited liability company, d/b/a/ Harvest Select,
MICHELE PETERSON, and
JENNIFER METZ,

    Defendants.

## ORDER

This matter is before the Court *sua sponte*. In her second amended complaint [Docket No. 28], plaintiff brought false arrest, malicious prosecution, and excessive bond claims pursuant to 42 U.S.C. § 1983 against defendants Brian Norton and Boyd Wheelwright, over which the Court exercised original jurisdiction pursuant to 28 U.S.C. § 1331. On October 29, 2010, the Court granted summary judgment to defendants Norton and Wheelwright on plaintiff's federal claims. *See* Docket No. 78. Plaintiff's state law claims of malicious prosecution, negligence, extreme and outrageous conduct, and defamation against defendants Michele Peterson, Jennifer Metz, and Harvest Standard, LLC, as well as a wage and hour violation claim against Harvest Standard, remain pending. *See* Docket No. 28; *see also* Docket No. 107 (Final Pretrial Order) at 5. Furthermore, Harvest Standard asserts state law counterclaims against plaintiff for civil theft and conversion. *See* Docket No. 107 at 7. Pursuant to 28 U.S.C.

§ 1367(a), the Court has supplemental jurisdiction over these state law claims, but "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if," as is the case here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction. In *Kosak v. Catholic Health Initiatives of Colo.*, No. 08-cv-01505-CMA-MJW, 2009 WL 3497782 (D. Colo. Oct. 28, 2009), the court retained supplemental jurisdiction over state claims, weighing the "values of judicial economy, convenience, fairness, and comity," and granted summary judgment on all the pending federal and state claims. *Id.* at *7-8 (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)). The *Kosak* court

concluded that, "[i]f this Court remands the action and does not address the substantive merits of the summary judgment motion – a motion on which the Court is otherwise prepared to rule – both parties would be disadvantaged by the inevitable delay that would almost certainly result from remand." *Id.* at *8. Recent opinions of the Tenth Circuit, however, appear to foreclose the Court from considering such factors as compelling reasons to retain jurisdiction. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010); *Endris v. Sheridan County Police Dep't*, 2011 WL 441694 (10th Cir. Feb. 9, 2011) (unpublished).

In *Brooks*, after reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction after dismissal of all federal claims, the court affirmed the district court's dismissal of the federal claims but reversed the district court's granting of summary judgment on state law claims. *See Brooks*, 614 F.3d at 1230. Arguably, the *Brooks* decision was motivated by the fact that a potentially difficult question of state law was presented by the case. *See id.* (concluding that the state law claims were best left to the state court "including whether Colorado Revised Statute § 13-80-119 and/or § 18-1-707, as applied specifically to peace officers, require either objective or subjective reasonable force"). But, since the *Brooks* decision, the Tenth Circuit concluded in *Endris* that "any state-law claims for assault and battery or mental and emotional distress were *inappropriate* subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed." *Endris*, 2011 WL 441694, at *2 (citing *Brooks*, 614 F.3d at 1229) (footnote omitted) (emphasis added). The *Endris* court made no mention of either the complexity or novelty of those state law claims.

Furthermore, and in any event, complexity and novelty are independent bases for declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(1).

In short, it is far from clear what, if any, discretion the Court retains to exercise jurisdiction over the state law claims in this case. At least one commentator has stated that "there is a substantial caselaw, handed down in a variety of situations, suggesting in the aggregate that [when § 1367(c)(3) applies] judicial discretion is a particularly important element. Here the 'may' in 'may decline' has a major role to play." *See* David D. Siegel, *Commentary on 1988 Revision: The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction*, 28 U.S.C.A. § 1367, at 766 (2006).[1] However, the Tenth Circuit's application of § 1367(c)(3) in *Brooks* and *Endris* suggests precisely the opposite is true.

The Court, however, need not determine what might constitute a compelling reason to retain jurisdiction over the state law claims in this case.[2] Even if it were still permissible to consider whether the state law claims are ripe for resolution or the potential delay that would be caused by dismissal of state law claims, the Court is not presently prepared to rule on the state law claims, and plaintiff's counsel represented at

---

[1] *See id.* ("The House Report of the Committee on the Judiciary (Report 101-734, p. 29) said of subdivision (c) that it requires the district court, in exercising discretion, to undertake, as it did under prior law, 'a case-specific analysis.'").

[2] One compelling reason could be the dismissal of federal claims on the very eve of trial. *See* Siegel, *Commenatary on 1988 Revision*, *supra* ("Whether a dismissal of the touchstone claim should bring about a dismissal . . . of the dependent claim for want of supplemental jurisdiction should hinge on the moment within the litigation when the dismissal of the touchstone claim takes place, and on the other surrounding circumstances."). Even in that instance, however, it is not clear whether the delay and prejudice occasioned by dismissal would be sufficient to overcome what is the practically mandatory language of *Brooks* and *Endris*.

4

the March 11, 2011 status conference that the parties would likely receive a trial date more quickly in state court than in this Court, an assertion defense counsel did not challenge. Furthermore, there is no concern that the state law claims will be barred by the relevant statutes of limitations. "Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court." *Brooks*, 614 F.3d at 1230 (citations, quotation marks and alterations omitted); *see* 28 U.S.C. § 1367(d) (providing that the state law statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

Therefore, it is

**ORDERED** that the remaining claims in this action are DISMISSED without prejudice. It is further

**ORDERED** that defendants' motions for summary judgment [Docket Nos. 86, 87] are denied without prejudice as moot. It is further

**ORDERED** that judgment shall enter reflecting summary judgment in favor of defendants Norton and Wheelwright, *see* Docket No. 78, and the dismissal without prejudice of plaintiff's state law claims against defendants Peterson, Metz, and Harvest Standard, and defendant Harvest Standard's state law counterclaims against plaintiff.

DATED May 9, 2011.

                                                  BY THE COURT:

                                                  s/Philip A. Brimmer  
                                                  PHILIP A. BRIMMER  
                                                  United States District Judge